UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

Pamela L. Northedge,                                    Case No.: DG12-07688
                                                        Chapter 13
              Debtor                                    Honorable Scott W. Dales

_____/


Pamela L. Northedge,

              Plaintiff
                                                        Adv. Pro. No.:

v

Todd Beckett,

              Defendant
_____/


ADVERSARY COMPLAINT TO DETERMINE VALIDITY, PRIORITY AND EXTENT OF
LIENS, AND REQUEST FOR DECLARATORY JUDGMENT

NOW COMES the above entitled Plaintiff, Pamela L. Northedge, by and through her
attorney, John W. Raven, and for her Adversary Complaint to Determine Validity, Priority and
Extent of Liens and Request for Declaratory Judgment, states:

1.  Plaintiff is the debtor in this chapter 13 case which was filed on August 23, 2012. 2.

2.  Plaintiff seeks to have this Court determine the validity, priority and extent of any
liens alleged by Defendant Todd Becket, and further requests a declaratory judgment that
Defendant does not have a valid lien against the real property located at 12060 13 Mile Road,
NE, Greenville, MI 48838, Property No.: 41-08-22-100-017 ("The Real Property") which is
owned by Plaintiff.

3.  This Adversary Proceeding is brought pursuant to Bankruptcy Rule 7001(2) and
Plaintiff files this request for a declaratory judgment pursuant to the provisions of Federal Rule
of Civil Procedure § 57.4.

4 . This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334(b). Subject

matter jurisdiction exists pursuant to 28 U.S.C. §157(b) as a case under title 11 and a core proceedings arising under title 11., or arising in a case under title 11 in accordance with 28 U.S.C. §157(b)(2).

5. Venue of the case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Defendant alleges that he has a valid lien against The Real Property, an allegation which Plaintiff denies.

7. Plaintiff contends that the Defendant has no valid lien and/or secured claim against The Real Property by virtue of the fact the Judgment of Divorce entered on November 12, 2004 was never recorded and the alleged lien was never perfected by the Defendant.

8. That the Defendant's alleged lien impairs the Plaintiff's property and her exemptions.

9. That the Defendant failed to timely file a proof of claim and is not entitled to any distribution from this Chapter 13 case.

**WHEREFORE**, the Plaintiff requests this Court enter a declaratory judgment that determines the validity, extent, and interest of the Defendant, if any, in The Real Property and award the Plaintiff her attorneys fees and costs expended to prosecute this adversary proceeding, and granting such other, further and different relief as the Court deems just and proper.


Dated: April 11, 2013                    /s/John W. Raven

_____
John W. Raven            P26896
Attorney for Plaintiff
315 S. Clay Street
PO Box 303
Greenville, MI 48838
Telephone: 616/754-9151
Fax:        616/754-0400
E-mail: court@ravenlaw.us